**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

ESTEBAN IVANOFF-TZVETCOFF,

   *Pro se* Plaintiff,

v.                                  **CASE NO. 19-24849-CIV-MARTINEZ/AOR**

BORINQUEN MEDICAL CENTER, et al.,

   Defendants.
_____/

OLANSHILE SHITTA-BEY,

   *Pro se* Plaintiff,

v.                                  **CASE NO. 19-24866-CIV-MARTINEZ/AOR**

BORINQUEN MEDICAL CENTER, et al.,

   Defendants.
_____/

### REPORT AND RECOMMENDATION RE: MOTIONS TO AMEND

THESE CONSOLIDATED CAUSES came before the Court upon *pro se* Plaintiffs Esteban Ivanoff-Tzvetcoff ("Ivanoff-Tzvetcoff") and Olanshile Shitta-Bey's ("Shitta-Bey") (together, "Plaintiffs") Motion for Leave to Amend Complaint ("Motion to Amend Complaint") [D.E. 98 in Case No. 19-24849]; and Ivanoff-Tzvetcoff's Motion to Amend the Compensatory Damages due to Newly Uncovered Evidence (hereafter, "Motion to Amend Damages") [D.E. 63 in Case No. 19-24849] (together, "Motions to Amend"). These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 54]. For the reasons stated below, the undersigned respectfully recommends that Plaintiffs' Motions to Amend be DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2018, Plaintiffs filed respective Complaints against Borinquen Medical Center ("Borinquen") and its employees Tatiana Posso ("Ms. Posso"), Paul Velez (Mr. Velez"), Deborah Gracia ("Dr. Garcia"), Diego Shmuels ("Dr. Shmuels"), and Joseph Durandis ("Dr. Durandis") (together, "Individual Defendants"), asserting claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10(1), based on the termination of their employment at Borinquen. See Complaint [D.E. 1 in Case No. 19-24849; D.E. 1 in Case No. 19-24866].  On December 2, 2019, Ivanoff-Tzvetcoff filed an Amended Complaint [D.E. 15 in Case No. 19-24849] which is identical to his original Complaint [D.E. 1], except for the addition of ¶ 44 and the omission of the exhibits previously attached at D.E. 1-2.[1]  Plaintiffs allege that they were discriminated against while they were medical residents at Borinquen because they were offered second-year resident contracts with substantially less advantageous terms than their previous first-year resident contracts, and that, when they refused to sign the second-year resident contracts, they were terminated from the residency program.  See Amended Complaint [D.E. 15 at 19, 25-26 in Case No. 19-24849]; Complaint [D.E. 1-2 at 17 in Case No. 19-24866].

At a hearing held on June 16, 2020, the undersigned granted Individual Defendants' Partial Motion to Dismiss [D.E. 33 in Case No. 19-24849; D.E. 41 in Case No. 19-24866]; and dismissed with prejudice Plaintiffs' claims against all Individual Defendants pursuant to the ADEA and the FCRA.  See Order [D.E. 91 in Case No. 19-24849; D.E. 103 in Case No. 19-24866].[2]

On March 31, 2020, Ivanoff-Tzvetcoff filed his Motion to Amend Damages, in which he

---

[1] In ¶ 44 of the Amended Complaint, Ivanoff-Tzvetcoff alleged that Dr. Durandis may have tampered with evidence by deleting some text messages that he had previously sent [D.E. 15 at 28 in Case No. 19-24849].
[2] It is well established that the ADEA and the FCRA only apply to employers.  See Mason v. Stallings, 82 F.3d 1007 (11th Cir. 1996); Huck v. Mega Nursing Servs., 989 F. Supp. 1462 (S.D. Fla. 1997).

2

claims that Defendants submitted fraudulent evaluations of his performance, which have become a part of his record and harm his future job prospects, and seeks leave to amend the amount of compensatory damages requested to $5,000,000.00.  See Motion to Amend Damages [D.E. 63-1 at 2 in Case No. 19-24849].

On June 26, 2020, while temporarily represented by counsel, Plaintiffs filed the Motion to Amend Complaint seeking to drop all age discrimination claims and add claims for (1) unjust enrichment, (2) fraudulent misrepresentation/negligent misrepresentation/fraud in the inducement, (3) libel, and (4) defamation per se against the Individual Defendants, who had already been dismissed.  See Motion to Amend [D.E. 98 at 3 in Case No. 19-24849].

On February 24, 2021, the undersigned issued a Report and Recommendation [D.E. 123 in Case No. 19-24849] recommending that Final Summary Judgment be granted as to Borinquen, the only remaining defendant in the consolidated cases.

## APPLICABLE LAW

Under Rule 15(b) of the Federal Rules of Civil Procedure, a court "should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(b).  "In deciding whether to grant a party leave to amend a pleading, a district court may consider several factors, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment."  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Thus, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile."  Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004).  The Eleventh Circuit has found that "denial of leave to amend is justified

by futility when the complaint as amended is still subject to dismissal." Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (internal quotation and citation omitted).

## DISCUSSION

In their Motion to Amend Complaint, Plaintiffs concede that all of the proposed causes of action in their proposed new pleading are state law claims, for which there is no diversity jurisdiction; and they ask that, if their motion is granted, the case be transferred to state court. See Motion to Amend [D.E. 98 at 3 n.1 in Case No. 19-24849; D.E. 110 at 3 n.1 in Case No. 19-24866]. However, there is no basis for the requested transfer of these consolidated cases, which were originally brought here pursuant to the Court's federal question jurisdiction, to state court.

Absent federal question or diversity jurisdiction, the proposed amended pleading would be subject to dismissal because the Court lacks federal subject-matter jurisdiction. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 534, 106 S. Ct. 1326, 1328, 89 L. Ed. 2d 501 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). Therefore, amendment would be futile and denial of the Motion to Amend Complaint is justified. Burger King Corp., 169 F.3d at 1320. Moreover, given the lack of subject matter jurisdiction, Ivanoff-Tzvetcoff's Motion to Amend Damages is moot.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiffs' Motions to Amend [D.E. 63, 98 in Case No. 19-24849] be **DENIED** without prejudice.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E.

Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 24th day of February, 2021.

                                                                             ALICIA M. OTAZO-REYES
                                                                             UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Jose E. Martinez
        Counsel of Record