UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ESTEBAN IVANOFF-TZVETCOFF,

   *Pro se* Plaintiff,

v.                                                                            **CASE NO. 19-24849-CIV-MARTINEZ/AOR**

BORINQUEN MEDICAL CENTER, et al.,

   Defendants.
_____/

OLANSHILE SHITTA-BEY,

   *Pro se* Plaintiff,

v.                                                                            **CASE NO. 19-24866-CIV-MARTINEZ/AOR**

BORINQUEN MEDICAL CENTER, et al.,

   Defendants.
_____/

## REPORT AND RECOMMENDATION RE: MOTION FOR SANCTIONS

THESE CONSOLIDATED CAUSES came before the Court upon *pro se* Plaintiffs Esteban Ivanoff-Tzvetcoff ("Ivanoff-Tzvetcoff") and Olanshile Shitta-Bey's ("Shitta-Bey") (together, "Plaintiffs") Motion to Impose Sanctions Against Borinquen Medical Center and Their Counsel for Falsifying Evidence During an Ongoing Litigation in Support of the Defendant's Motion for Summary Judgment ("Motion for Sanctions") [D.E. 112 in Case No. 19-24849]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 54]. For the reasons stated below, the undersigned respectfully recommends that Plaintiffs' Motion for Sanctions be DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2018, Plaintiffs filed respective Complaints against Borinquen Medical Center ("Borinquen") and its employees Tatiana Posso ("Ms. Posso"), Paul Velez (Mr. Velez"), Deborah Gracia ("Dr. Garcia"), Diego Shmuels ("Dr. Shmuels"), and Joseph Durandis ("Dr. Durandis") (together, "Individual Defendants"), asserting claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10(1), based on the termination of their employment at Borinquen. See Complaint [D.E. 1 in Case No. 19-24849; D.E. 1 in Case No. 19-24866]. On December 2, 2019, Ivanoff-Tzvetcoff filed an Amended Complaint [D.E. 15 in Case No. 19-24849] which is identical to his original Complaint [D.E. 1], except for the addition of ¶ 44 and the omission of the exhibits previously attached at D.E. 1-2.[1] Plaintiffs' allege that they were discriminated against while they were medical residents at Borinquen because they were offered second-year resident contracts with substantially less advantageous terms than their previous first-year resident contracts, and that, when they refused to sign the second-year resident contracts, they were terminated from the residency program. See Amended Complaint [D.E. 15 at 19, 25-26 in Case No. 19-24849]; Complaint [D.E. 1-2 at 17 in Case No. 19-24866].

At a hearing held on June 16, 2020, the undersigned granted Individual Defendants' Partial Motion to Dismiss [D.E. 33 in Case No. 19-24849; D.E. 41 in Case No. 19-24866]; and dismissed with prejudice Plaintiffs' claims against all Individual Defendants pursuant to the ADEA and the FCRA. See Order [D.E. 91 in Case No. 19-24849; D.E. 103 in Case No. 19-24866].[2]

---

[1] In ¶ 44 of the Amended Complaint, Ivanoff-Tzvetcoff alleged that Dr. Durandis may have tampered with evidence by deleting some text messages that he had previously sent [D.E. 15 at 28 in Case No. 19-24849].
[2] It is well established that the ADEA and the FCRA only apply to employers. See Mason v. Stallings, 82 F.3d 1007 (11th Cir. 1996); Huck v. Mega Nursing Servs., 989 F. Supp. 1462 (S.D. Fla. 1997).

On February 24, 2021, the undersigned issued a Report and Recommendation [D.E. 123 in Case No. 19-24849] recommending that Final Summary Judgment be granted as to Borinquen, the only remaining defendant in the consolidated cases.

In their Motion for Sanctions, Plaintiffs claim that Borinquen's employees and counsel "repeatedly lied during depositions" and "filed falsified evidence in this court in support of a motion for summary judgment . . . ."  See Motion for Sanctions [D.E. 112 at 3 in Case No. 19-24849].  Based on these alleged falsifications of evidence, Plaintiffs seek sanctions against Borinquen and its counsel in the form of "[s]triking defendant's defense, [d]efault judgment, [j]ury instructions, [f]inancial sanctions including punitive damages, or any other relief as deemed appropriate by this court" and "that the case be allowed to proceed to trial."  Id. at 11.

Plaintiffs do not state in their Motion for Sanctions the legal basis upon which they rely for seeking sanctions against Borinquen and its counsel.  Because Plaintiffs seek sanctions related to the evidence submitted in support of the Motion for Summary Judgment, the undersigned will address the Motion for Sanctions under the theory of fraud on the court and the Court's inherent power to impose sanctions.

**APPLICABLE LAW**

"It has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (modification in original) (quoting United States v. Hudson, 11 U.S. 32, 34 (1812); Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980)).  "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Id. (quoting Link v. Wabash R. Co.,

3

370 U.S. 626, 630-31 (1962). "Because of their very potency, inherent powers must be exercised with restraint and discretion." Id. at 44 (citing Roadway Express, 447 U.S. at 764). "To exercise its inherent power a court must find that the party acted in bad faith." Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002).

A court has the power to conduct an independent investigation to determine whether it has been the victim of fraud. Id. at 1335. Proving the existence of a fraud on the court requires "clear and convincing evidence of an unconscionable plan designed to improperly influence the court in its decision." Johnson v. Law Offices of Marshall C. Watson, PA, 348 F.App'x 447, 448 (11th Cir. 2009); Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989) (a fraud on the court occurs when "a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter").

Sanctions for fraud on the court are generally reserved for only the most egregious misconduct. See Gupta v. U.S. Atty. Gen., 556 F.App'x 838, 840 (11th Cir. 2014) (noting that only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court).

## DISCUSSION

Plaintiffs contend that Borinquen's employees and counsel lied under oath and falsified evidence by providing examples of alleged testimony inconsistencies, Human Resources irregularities related to grievance and disciplinary reports, and scrivener's errors like the misspelling of Dr. Evelina Todd's name. See Motion for Sanctions; Plaintiffs' Reply to Defendant's Response to Plaintiff Motion for Sanctions [D.E. 116 in Case No. 19-24849]. However, "proving the existence of a fraud on the court requires more than inconsistencies.

4

Instead, proving a fraud on the court requires 'clear and convincing evidence of an unconscionable plan designed to improperly influence the court in its decision.'" Tarasewicz v. Royal Caribbean Cruises Ltd., 2016 WL 3944176, at *4 (S.D. Fla. Feb. 9, 2016), report and recommendation adopted, 2016 WL 3944178 (S.D. Fla. Mar. 17, 2016) (quoting Johnson, 348 Fed. Appx. at 448). Thus, by alleging inconsistencies, irregularities and scrivener's errors, Plaintiffs have not met the high burden required to demonstrate bad faith or fraud on the court, and thereby invoke the Court's inherent power to sanction. Gupta, 556 F.App'x at 840 (only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court).

Furthermore, as previously discussed by the undersigned, none of Plaintiffs' examples of alleged lies and fabrications are relevant to Plaintiffs' age discrimination claim; and these alleged inconsistencies or irregularities did not affect the undersigned's analysis of the Motion for Summary Judgment because the undersigned limited the factual findings to what was relevant to the age discrimination claim. See Report and Recommendation [D.E. 123 at 5-9]. Hence, contrary to Plaintiffs' contention, there is no basis to impose sanctions on Borinquen and its counsel for fraud on the court. Gupta, 556 F.App'x at 841 ("Even if there had been sufficient evidence to demonstrate a fraud on the court, the district court did not err in requiring proof that the challenged outcome was actually obtained through—or at least impacted by—the alleged fraud.").

## RECOMMENDATION

Based on the foregoing considerations, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiffs' Motion for Sanctions [D.E. 112 in Case No. 19-14849] be **DENIED**.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez.  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 25th day of February, 2021.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Jose E. Martinez
      Counsel of Record