UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ESTEBAN IVANOFF-TZVETCOFF,

    Plaintiff,

**CASE NO. 19-24849-CIV-MARTINEZ/OTAZO-REYES**

vs.

BORINQUEN MEDICAL CENTER, *et al.*,

    Defendants.
_____/

OLANSHILE SHITTA-BEY,

    Plaintiff,

**CASE NO. 19-24866-CIV-MARTINEZ/OTAZO-REYES**

vs.

BORINQUEN MEDICAL CENTER, *et al.*,

    Defendants.
_____/

## **OMNIBUS ORDER ADOPTING REPORTS AND RECOMMENDATIONS**

THIS MATTER was referred to the Honorable Alicia Otazo-Reyes, United States Magistrate Judge, for a Report and Recommendation on Defendants' Motion for Final Summary Judgment, (ECF No. 86); Plaintiff Esteban Ivanoff-Tzvetcoff's Motions for Leave to Amend Complaint, (ECF Nos. 63, 98); and Plaintiff Esteban Invanoff-Tzvetcoff's Motion for Sanctions, (ECF No. 112). Judge Otazo-Reyes issued three Reports and Recommendations on the pending motions recommending that: (1) Defendant's Motion for Summary Judgment be granted; (2) Plaintiff's Motions for Leave to Amend be denied; (3) Plaintiff's Motion for Sanctions be denied; and (4) this case be closed. (ECF Nos. 124, 125, 126). Plaintiff Esteban Ivanoff-Tzvetcoff timely

1

filed objections. (ECF Nos. 126, 127, 128). Neither Plaintiff Olanshile Shitta-Bey or Defendants have filed objections and the deadline to do so has passed. The Court has reviewed the entire file and record, has made a *de novo* review of the issues that Plaintiff Ivanoff-Tzvetcoff's objections present, and is otherwise fully advised in the premises. After careful consideration, the Court **AFFIRMS** and **ADOPTS** Magistrate Judge Otazo-Reyes's reports and recommendations in their entirety.

While the Court finds that Judge Otazo-Reyes's reports and recommendations are well-reasoned and already address Defendant's objections, it will nevertheless reiterate and expand on its reasons for granting Defendant's Motion for Summary Judgment in light of the objections filed.[1] Defendants moved for summary judgment on Plaintiffs' age discrimination claims brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10(a). At this stage of the proceedings, the Court makes all reasonable inferences arising from the undisputed facts in favor of the Plaintiffs, as the nonmovants. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Chapman v. Am. Cyanamid Co.*, 861 F.2d 1515, 1518 (11th Cir. 1988). An inference based on speculation and conjecture is not reasonable. *Id.*

Plaintiffs can establish age discrimination through either direct or circumstantial evidence. *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013). Direct evidence is that which reflects a discriminatory attitude correlating to the discrimination complained of by the employee without the need of inference. *Van Voorhis v. Hillsborough Cty. Bd. of Cty. Com'rs.*,

---

[1] The Court notes that Plaintiff Ivanoff-Tzvetcoff concedes to dismissal of his age discrimination claims. However, he seeks to amend his complaint to add state law claims in lieu of his age discrimination claims. This amendment would divest the Court of subject matter jurisdiction. As aptly put by Judge Otazo-Reyes, allowing leave to amend would be futile because the proposed amended pleading would be subject to dismissal for lack of subject matter jurisdiction. (*See* R&R Mot. Amend., at 4, ECF No. 124). As such, the Court addresses the age discrimination claim on the merits.

512 F.3d 1296, 1300 (11th Cir. 2008). The Court agrees with Judge Otazo-Reyes that Plaintiffs failed to provide direct evidence of discrimination. The record is devoid of evidence that conclusively shows "without any inference or presumption" that Plaintiffs were terminated on the basis of their age. *See Sims*, 704 F.3d at 1333 n.4. The only evidence that Plaintiffs purport to present as direct evidence are the statements from Dr. Gracia, Dr. Shmuels, and Dr. Durandis. According to Plaintiffs, Dr. Deborah Gracia and Dr. Diego Shmuels told Plaintiffs that, if they were fired, they would not be able get into another residency program because of their ages. (*See* Am. Compl. ¶¶ 13, 16, at 13, ECF No. 15). Further, they allege that Dr. Joseph Durandis told Plaintiffs that they were lucky to be in the Borinquen residency program and that they should accept the conditions of the new contract they were being offered given their ages. (Am. Compl. ¶¶ 17, 25). These statements are not blatant remarks "whose intent could be nothing other than to discriminate on the basis of age." *Carlson v. WPLG/TV-10, Post-Newsweek Stations of Fla.*, 956 F. Supp. 994, 1000 (S.D. Fla. 1996). They can, at best, be characterized as circumstantial evidence of discrimination.

Where, as here, a plaintiff attempts to use circumstantial evidence to establish unlawful discrimination under the ADEA, courts apply the Title VII discrimination framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Chapman v. Al Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000). Under that framework, Plaintiffs can prove a prima facie case of discrimination by showing that: (1) they were members of the protected age group; (2) they were subjected to adverse employment action; and (3) they were qualified to do the job; and (4) they were replaced with a younger individual. *Chapman*, 229 F.3d at 1024. If the plaintiff makes such a prima facie case, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse action. *Id.* (citing *Combs v. Plantation*

*Patterns*, 106 F.3d 1519, 1527–29 (11th Cir. 1997)). If the employer articulates these reasons, the burden shifts back to the plaintiff to show that the employer's reasons for the adverse action are pretextual. *Id.* 1024–25. Plaintiffs can prove pretext by producing evidence showing that the reasons given by the employer were not the real reasons for their termination. *Id.*

Here, Plaintiffs fail to make a prima facie case for age discrimination. Plaintiffs have not shown evidence that they were replaced by younger residents. Plaintiff Ivanoff-Tzvetcoff's explanation of the residency program as a progressive training where PGY-2 transfers are uncommon is well taken. (*See* Objections, at 1, ECF No. 126-1). This, however, does not change the fact that Plaintiffs' second-year residency positions were not filled by younger individuals. That Borinquen hired first-year residents that are younger than Plaintiffs is insufficient to satisfy the fourth prong of the analysis.

Even assuming that Plaintiff had established a prima facie case for age discrimination, Plaintiffs cannot sustain their burden of proof that their age was the "but-for" cause of their termination. Plaintiffs have the burden of proving by a preponderance of the evidence that age was the "but-for" cause of the employer's adverse action. *Gross v. FBL*, 557 U.S. 167, 176–78 (2009) (citing *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 652–55 (2008)). In other words, Plaintiffs' age must have had a "determinative influence" in the employer's decision to terminate Plaintiffs and must have been *the* reason for their termination. *Id.* (citing *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)). Taking all inferences in favor of Plaintiffs, as the Court should, no reasonable jury could find that Plaintiffs' age was the "but-for" cause of their termination. In fact, the record overwhelmingly shows that Plaintiffs were terminated because they refused to sign the employment agreement that was being offered to them because they disagreed with the terms. It is undisputed that, once Plaintiffs' first-year contract expired,

Borinquen offered the same employment contract to all of its rising second-year residents. (*See* E-mail & PGY-2 Resident Agreements, at 2–15, ECF No. 86-10; Ivanoff-Tzvetcoff Depo., at 9:11–10:9, ECF 86-6). Out of the four second-year residents (including Plaintiffs), two of them signed the agreement that Plaintiffs refused to sign. (*See* Todd Aff. ¶ 8, ECF No. 86-6; Patino Aff. ¶ 6, ECF No. 86-7). Defendants have thus offered legitimate, non-discriminatory reasons for terminating Plaintiffs and Plaintiffs have presented little, if any, evidence of pretext.

After careful consideration, it is

**ADJUDGED** that United States Magistrate Judge Otazo-Reyes's Reports and Recommendations, (ECF Nos. 124, 125, 126), are **AFFIRMED** and **ADOPTED**. Accordingly, it is **ADJUDGED** that:

1. Defendants' Motion for Final Summary Judgment, (ECF No. 86), is **GRANTED**.

2. Plaintiff Esteban Ivanoff-Tzvetcoff's Motions for Leave to Amend Complaint, (ECF Nos. 63, 98), are **DENIED**.

3. Plaintiff Esteban Invanoff-Tzvetcoff's Motion for Sanctions, (ECF No. 112), is **DENIED**.

4. This case is **CLOSED** and all pending motions are **DENIED** as **MOOT**.

5. A final judgment shall be entered separately.

DONE and ORDERED in Chambers at Miami, Florida this 15th day of March, 2021.

*[signature]*
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
Esteban Ivanoff-Tzvetcoff, *pro se*
Olanshile Shitta-Bey, *pro se*
All counsel of record

5